**SO ORDERED.**

**SIGNED this 1st day of July, 2021.**



*Dale L. Somers*
Dale L. Somers
United States Chief Bankruptcy Judge

**Designated for on line use but not print publication**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

In re:

Wendy Ann Sharp,            Case No. 20-40711-13

           Debtor.

**Memorandum Opinion and Order Granting Chapter 13 Trustee's**
**Objection to Confirmation and Motion to Dismiss,**
**and Imposing Filing Restrictions**

The Chapter 13 Trustee objects to confirmation of Debtor Wendy Ann Sharp's proposed repayment plan and moves to dismiss Debtor's case. This is Debtor's eight bankruptcy case—her fourth within about a year and half—yet Debtor has been unable or unwilling to comply with the requirements of the Bankruptcy Code,[1] and has not proposed a confirmable plan despite months

---

[1] Future statutory references are to title 11, the Bankruptcy Code, unless otherwise stated.

of extensions to do so. The Chapter 13 Trustee's objection to confirmation is sustained, and the motion to dismiss is granted, with conditions to refiling as outlined herein.[2]

I. **Findings of Fact**

Debtor began filing bankruptcy cases in this District in 2006, and has seven prior bankruptcies:

| Case Number | Date Filed | Dismissal or Discharge Date | Date Closed |
|---|---|---|---|
| 06-41148-13 | 11/9/2006 | Dismissed 8/8/2008 | 5/21/2009 |
| Notes: Counseled. Plan confirmed. Dismissed for delinquency in plan payments. | | | |
| 10-41117-13 | 6/28/2010 | Dismissed 9/15/2011 | 2/14/2012 |
| Notes: Counseled. Plan confirmed. Dismissed for delinquency in plan payments. Estate portion of 2010 tax refund ($1552) and unpaid fees ($1800) not discharged in subsequent bankruptcy filings. | | | |
| 11-41815-13 | 11/4/2011 | Dismissed 1/11/2012 | 3/22/2012 |
| Notes: Counseled. Plan *not* confirmed. Dismissed for default in plan payments. | | | |
| 16-40775-7 | 7/17/2016 | Discharged 11/18/2016 | 11/21/2016 |
| Notes: Counseled. No-asset Chapter 7 case. Discharged and closed in normal course. | | | |
| 19-20083-13 | 1/16/2019 | Dismissed 3/13/2019 | 4/26/2019 |
| Notes: Counseled. Chapter 13 Trustee objected to entry of discharge because less than four years had elapsed since Chapter 7 discharge. Dismissed for failure to attend § 341 meeting and failure to begin plan payments. | | | |

---

[2] The Chapter 13 Trustee Jan Hamilton appears personally, and Debtor appears pro se.

| | | | |
|---|---|---|---|
| 19-40347-13 | 4/1/2019 | Dismissed 9/27/2019 | 12/17/2019 |
| Notes: Pro se. Chapter 13 Trustee objected to entry of discharge because less than four years had elapsed since Chapter 7 discharge. Dismissed, with 60-day bar to refiling. | | | |
| 19-41477-13 | 11/27/2019 | Dismissed 3/2/2020 | 6/18/2020 |
| Notes: Pro se. Chapter 13 Trustee objected to entry of discharge because less than four years had elapsed since Chapter 7 discharge. Dismissed, with 180-day bar to refiling. | | | |

Debtor then filed her current Chapter 13 bankruptcy petition pro se on August 28, 2020, only 179 days after the 180-bar to refiling was entered in her most recent case. In her initial petition, Debtor indicated she was a food delivery driver, but her Schedules were generally devoid of information and no real property or vehicles were listed.[3] Despite not scheduling any vehicles, Debtor listed a secured debt on a 2015 Kia Soul and a title loan on a 2001 Chevy Tahoe.[4] Debtor indicated she has four children, income of $2704 per month, and expenses of $2325 per month.[5]

Debtor's first plan proposed to pay $300 per month, with two priority claims (Santander Consumer USA and Anderson Financial Services) and no other secured or priority debt.[6] Again, these creditors were included as priority claims in Debtor's plan, not as secured debt, and collateral was not

---

[3] Doc. 2.
[4] *Id.* p. 22-23.
[5] *Id.* p. 41-43. Debtor's filing fee was paid in installments. Doc. 4 and entry of March 31, 2021 noting receipt for filing fee.
[6] Doc. 5.

indicated. The Chapter 13 Trustee objected to confirmation and moved to dismiss Debtor's case, arguing Debtor had not received prepetition credit counseling as required by § 109(h)(1), had not complied with the 180 day bar to filing a bankruptcy petition as ordered in her most recent prior case, failed to provide copies of federal income tax returns as required by Federal Rule of Bankruptcy Procedure 4002(3) and § 521(2)(A) and (B), failed to provide government issued photo identification and evidence of her social security number for her § 341 meeting as required by Federal Rule of Bankruptcy Procedure 4002(b)(1)(A) and (B), failed to make her first plan payment as required by § 1326 thus warranting dismissal under § 1307(4) and (6), failed to provide for payment of the nondischargeable debts ordered in Case No. 10-411147, and had several inconsistencies in her Schedules and plan concerning prior bankruptcies, real property, and vehicles.[7]

In apparent response, Debtor spent the next several months attempting to address her incomplete and inconsistent filings. She filed a certificate of credit counseling—showing the course was completed October 1, 2020,[8] amended her petition,[9] her Statement of Financial Affairs,[10] and her

---

[7] Docs. 20 and 21.
[8] Doc. 23.
[9] Doc. 24.
[10] Doc. 25.

4

Schedules.[11] None of the amendments were properly noticed to creditors.[12] Debtor then filed a first amended plan, leaving her plan payment at $300 per month, changing the designation of creditors Santander Consumer USA and Anderson Financial Services to "910 car loan creditors," but still failing to provide for the nondischargeable debts.[13] The Chapter 13 Trustee again objected to confirmation and moved to dismiss, renewing the majority of his arguments and informing the Court that Debtor's initial payment was one month late and that the claims filed indicated Debtor did not classify her secured debt correctly.[14]

Another round of amendments followed. This time Debtor amended her Statement of Financial Affairs,[15] her Schedule C,[16] and her Schedule E/F.[17] Debtor also filed a second amended Chapter 13 plan, this time moving her vehicle creditors to the correct section, but still not addressing the nondischargeable debt.[18] Again, no notice to creditors was given.[19] And again, the Chapter 13 Trustee objected to confirmation and moved to dismiss Debtor's case, indicating Debtor was current—but barely—with her plan

---

[11] Doc. 26.
[12] Doc. 30.
[13] Doc. 27.
[14] Doc. 32.
[15] Doc. 42.
[16] Doc. 49.
[17] Doc. 44.
[18] Doc. 47.
[19] Doc. 51.

payments, but that her plan lacked feasibility.[20] Debtor then missed her next plan payment, and the Chapter 13 Trustee moved to dismiss her case anew.[21]

In December 2020 and January 2021 hearings in this case, Debtor was ordered to comply with the multiple orders to correct noticing of amendments, file an amended plan, and pay $500 by January 29, 2021, or her case would be dismissed with conditions.[22] Debtor filed amended Schedules D, I, and J,[23] and a motion to abate her plan payments "through December" due to unexpected auto expenses, with resumption on March 3, 2021.[24] No third amended plan was filed at that time.

The Court then held a hearing in February 2021. At that hearing, the Chapter 13 Trustee reported that a $500 payment had been received, but that Debtor was still $400 delinquent and an amended plan was still needed to address the nondischargeable debt.[25] Another two months passed, and no progress was made.[26] At a hearing on April 1, 2021, the Chapter 13 Trustee reported Debtor remained delinquent and no third amended plan had been filed to address the nondischargeable debt.[27] The Court approved a drop-dead

---

[20] Doc. 62.
[21] Doc. 67.
[22] Docs. 69 and 72.
[23] Doc. 74.
[24] Doc. 76.
[25] Doc. 86.
[26] Doc. 92. Debtor again promised to resolve her default and stated she would file an amended plan. *Id.*
[27] Doc. 98.

order giving Debtor until April 21, 2021 to make a specified payment and file and notice an amended plan.[28] The Order entered after hearing indicated that if Debtor's case was dismissed, she would be barred from refiling for one year, unless she was fully represented by an attorney or Debtor submitted a complete petition and Schedules to the Court prior to filing.[29] Debtor then again amended her Schedules D, I, and J,[30] and filed an amended petition, Schedules A/B, D, E/F, G, H, I, J, Statement of Financial Affairs,[31] and Schedule C.[32]

Debtor then filed her third amended Chapter 13 plan on May 17, 2021.[33] The proposed plan, not filed on the current required form plan, maintains the proposed $300 per month plan payment. This time Debtor's proposed plan does include the nondischargeable debt of $1552 owed for her 2010 tax refund and $1800 fees from her 2010 case, listed as administrative fees. But Debtor in her third amended plan includes only the secured debt to Santander Consumer USA for the 2015 Kia Soul, as a "910 car loan," and does not include the secured debt to Anderson Financial Services for the 2011 Chevy Tahoe.

---

[28] *Id.*; Doc. 100.
[29] Doc. 100.
[30] Doc. 99.
[31] Doc. 105.
[32] Doc. 106.
[33] Doc. 110.

7

The Chapter 13 Trustee again objected to confirmation of Debtor's third amended plan and moved to dismiss, and argues as follows:[34]

- Debtor is ineligible for relief under Title 11 because she completed her required credit counseling course thirty-four days *post*petition, rather than prepetition as required by § 109(h)(1).

- Debtor's plan and petition are not filed in good faith as required by § 1325(a)(3) and § 1325(a)(7).

- Debtor's case was filed only 179 days after her prior case was dismissed with a 180-day bar to refiling, in contravention of the Court's Order in Case No. 19-41477.

- Debtor's plan payments have consistently been late, and Debtor has consistently been delinquent in plan payments.

- Debtor's plan lacks feasibility, as required by § 1325(a)(6), because her projected expenses are not realistic (e.g., no expenses for food for a family of five) and her case would have to run beyond five years at $300 per month, which is prohibited by § 1322(d)(2).

- Debtor's plan fails to address her 2001 Chevy Tahoe, with secured debt to Anderson Financial Services, and proposes incorrect treatment for the claim of Santander Consumer USA on the 2015 Kia Soul.

- Debtor's proposed plan uses the incorrect form and has not been properly noticed to creditors.

- Debtor's petition and Schedules, despite repeated amendments, are inaccurate or incomplete. They list an incorrect address, fail to list all her prior bankruptcy cases, incorrectly indicate credit counseling was completed prepetition, fail to list the debt to Anderson Financial Services, and inaccurately report Debtor's prior years' income.

---

[34] Docs. 119 and 120.

At a hearing on the third-amended plan on June 23, 2021, Debtor appeared and claimed she would make a $600-dollar payment "on the 1st," presumably July 1, 2021, and that she was speaking with an attorney about taking her case. Just prior to the hearing, she also submitted papers to the Clerk's Office for filing. The Court told Debtor it would review her papers, and if they were not adequate, it would grant the Chapter 13 Trustee's motion to dismiss. The Court noted, however, that it would delay entry of an order of dismissal for seven days to see if an attorney entered an appearance in the case. The pleadings filed June 23, 2021 remain deficient: an unsigned proposed order fixing time to object to a modification of a confirmed Chapter 13 plan,[35] a deficient "Notice to Creditors,"[36] and various amendments to Debtor's petition and Schedules.[37] No attorney has entered an appearance in the case.

---

[35] Doc. 122.

[36] Doc. 123. The "Notice to Creditors" appears to be an attempt to give notice to creditors of Debtor's third amended plan. But the "Notice" just states "Amended Chapter 13 Plan and Schedules Notice to Object Chapter 13 Plan"—it does not include a copy of the plan, which has been amended three times, or any indication the plan was actually mailed to the creditors. Attaching a mailing matrix to a document means nothing if the substantive document was not actually sent to those creditors.

[37] Doc. 124. Debtor included an amended petition, Schedule A/B, Schedule D, the first page of Schedule I, Schedule J, and Summary of Assets and Liabilities. She did not pay the required amendment fee or file a notice of the amended Schedules (Appendix 1-01). The calculations on the Schedule J are illogical: the expenses given are higher than the stated total. And finally, the question concerning prior cases remains incorrect.

## II. Conclusions of Law

Contested matters concerning "the administration of the estate" and "confirmation of plans" are core matters under 28 U.S.C. § 157(b)(2)(A) and (L) over which this Court may exercise subject matter jurisdiction.[38]

### A. Dismissal of Debtor's Case is Warranted.

The Court concludes that the Chapter 13 Trustee's objection to confirmation should be sustained and his motion to dismiss should be granted.

First, Debtor is not eligible for relief under the Code. Under § 109(h)(1), unless exceptions that are not applicable here apply, an individual "may not be a debtor" under Title 11 unless a credit counseling course has been received within the 180 days *prior to* filing the bankruptcy petition. Debtor did not complete her credit counseling course until October 1, 2020, thirty-four days *after* her petition was filed.[39] In addition, this Court's Order in

---

[38] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy Judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order 13-1 *printed in* D. Kan. Rules of Practice and Procedure (March 2018).

[39] *See, e.g., In re Ingram*, 460 B.R. 904, 909-10 (6th Cir. BAP 2011) (concluding bankruptcy court does not have discretion "to ignore, modify, or defer the requirements of § 109(h)(1) and that "[c]ompliance with § 109(h) is a prerequisite to obtaining relief under the Bankruptcy Code"); *In re Dixon*, 338 B.R. 383, 389 (8th Cir. BAP 2006) (concluding dismissal of case is appropriate remedy for noncompliance with requirements of § 109(h)(1)); *In re Arkuszewski*, 507 B.R. 242,

10

Case 20-40711    Doc# 130    Filed 07/01/21    Page 10 of 18

Debtor's prior case barred Debtor from filing a bankruptcy petition in any jurisdiction for 180 days from the date of that Order of Dismissal, entered March 2, 2020.[40] Debtor filed her current case only 179 days later, on August 28, 2020. Debtor is not eligible to be a debtor under Title 11.

Second, there are grounds to dismiss Debtor's case under § 1307(c). Under that statue, on request of the Chapter 13 Trustee, and after notice and hearing, the Court may dismiss a Chapter 13 case for cause if dismissal would be in the best interest of creditors and the estate.[41] Cause is not defined in the Code, but examples of cause are given in the statute, including both "unreasonable delay by the debtor that is prejudicial to creditors" and nonpayment of fees and charges.[42]

Debtor has not filed a confirmable plan. Debtor has proposed three plans, but all have significant substantive deficiencies, and none have been properly noticed to creditors. Debtor's current plan fails to address the

---

247 (Bankr. N.D. Ill. 2014) (concluding § 109(h)(1) requires the receipt of credit counseling before a case is filed); *In re Gaddis*, No. 07-40476, 2007 WL 1610783, at *3 (Bankr. D. Kan. June 4, 2007) ("Section 109(h) clearly states that an individual is not eligible to be a debtor under Title 11 unless he or she receives credit counseling within 180 days of filing, or qualifies for one of the few statutory exceptions specifically provided under § 109(h).").
[40] Case No. 19-41477, Doc. 38.
[41] § 1307(c) ("on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause").
[42] § 1307(c)(1)-(11).

secured debt held by Anderson Financial Services on her Chevy Tahoe, proposes incorrect treatment of the claim to Santander Consumer USA for her Kia Soul, and would have to run significantly longer than the term permitted by § 1322(d)(2) at her proposed $300 per month.[43] Even at that $300 a month, Debtor's payments have consistently been late, and Debtor has consistently been delinquent in plan payments. In addition, Debtor has not paid multiple fees for amendment of her Schedules, and Debtor's petition and Schedules, despite repeated amendments, are inaccurate or incomplete.[44]

Section 1307(c) also requires good faith by a debtor and permits dismissal or conversion based on good faith.[45] When making the

---

[43] *See, e.g.*, *In re Guebert*, No. 07-41165, 2008 WL 1744777, at *7 (Bankr. D. Kan. Apr. 11, 2008) (finding cause for dismissal under § 1307(c) for "failure to timely file a confirmable plan"). The Chapter 13 Trustee reports that with the $300 per month plan payment proposed by Debtor, her plan would run 77 months if Anderson Financial Services is paid, and 71 months if Anderson Financial Services is not paid. Section 1322(d)(2) requires that plans for below median income debtors run for three years, unless the court, for cause, approves a longer period, not to exceed five years.

[44] Section 521(i) provides yet another basis for dismissal of Debtor's case, as that section permits dismissal of Chapter 7 and Chapter 13 cases where a debtor does not timely file the list of creditors, Schedules, Statement of Financial Affairs, monthly net income, and other items. Despite her repeated amendments, creditors and the Chapter 13 Trustee have not yet seen a complete set of accurate initial statements and Schedules. This basis for dismissal under § 1307(c) is limited to request by the United States Trustee, so the Court cannot rely on it here, but it aids in the Court's conclusion that it is in the best interest of creditors to dismiss Debtor's case, as Debtor has not been forthcoming with creditors in this case.

[45] *In re Armstrong*, 303 B.R. 213, 221 (10th Cir. BAP 2004) ("The examples of cause listed in [§ 1307(c)] are not exclusive, and good faith inquiries have traditionally been encompassed by § 1307(c). While lack of good faith is not expressly mentioned, a lamentable waste of judicial resources would result from allowing Chapter 13 cases filed in bad faith to progress to confirmation[.]").

determination whether a "Chapter 13 petition has ben filed in bad faith under § 1307(c), the bankruptcy court must consider the totality of the circumstances."[46] The court must determine "whether or not under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of the Chapter."[47] A familiar list of elements should be considered:[48]

> (1) the amount of the proposed payments and the amount of the debtor's surplus;
> (2) the debtor's employment history, ability to earn and likelihood of future increases in income;
> (3) the probable or expected duration of the plan;
> (4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;
> (5) the extent of preferential treatment between classes of creditors;
> (6) the extent to which secured claims are modified;
> (7) the type of debt sought to be discharged and whether any such debt is non-dischargeable in Chapter 7;
> (8) the existence of special circumstances such as inordinate medical expenses;
> (9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

---

The Court has found sufficient basis for dismissal of Debtor's case and need not assess the Chapter 13 Trustee's additional ground for relief—i.e., feasibility under § 1325(a)(6).

[46] *Gier v. Farmers State Bank (In re Gier)*, 986 F.2d 1326, 1329 (10th Cir. 1993) (internal quotation omitted); *see also Flygare v. Boulden*, 709 F.2d 1344 (10th Cir.1983) (eleven factors enumerated for consideration under totality of circumstances approach).

[47] *Id.* (internal quotations and alterations omitted) (approving dismissal based on inconsistent testimony versus a proposed plan and motivation from a desire to avoid creditors rather than an inability to pay).

[48] *In re Armstrong*, 303 B.R. at 221 ("The standards, first adopted by this Circuit in *Flygare v. Boulden*, include eleven factors that courts should consider in determining good faith and whether the totality of the circumstances warrants dismissal of the Chapter 13 case.").

> (10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and
> (11) the burden which the plan's administration would place upon the trustee.[49]

The elements need not be equally weighted and need not all be present.[50]

The plethora of documentary evidence from Debtor's current case and the proceeding three cases filed, all within the last approximately year and a half, show that Debtor's purpose in repeat filing has been to thwart her creditors. Debtor has made little progress toward the actual repayment of her debt. Debtor's stated income and expenses show insufficient funds with which to continue in a Chapter 13 case. Debtor has misrepresented facts in her petition and Schedules, despite repeated amendments. As stated above, this is Debtor's eight bankruptcy case, her fourth in only about a year and a half, and she consistently files before she is eligible to do so. Debtor has frequently filed and then had multiple cases dismissed, all with little progress toward the Chapter 13 goal of repayment of debt. The Court readily concludes Debtor's current Chapter 13 case should be dismissed for lack of good faith, another basis for cause under § 1307(c).

---

[49] *Id.* (quoting *Flygare*, 709 F.2d at 1347-48).
[50] *Id.*

14

It is in the best interest of creditors to dismiss Debtor's case rather than convert it to Chapter 7.[51] Debtor has enjoyed the benefits of the automatic stay since she filed her current case on August 28, 2020, about ten months ago, but has not complied with many of the duties of a Chapter 13 debtor. There do not appear to be any viable, non-exempt assets to be pursued by a Chapter 7 trustee, or any factors favoring conversion to a Chapter 7 case. This case should be dismissed so creditors have the option to turn to state law for their collection efforts.

### B. Conditions for Refiling are Warranted.

The Chapter 13 Trustee seeks the imposition of filing restrictions, arguing prior efforts to curtail Debtor's behavior have failed, and requesting the Court impose a 365-day bar to refiling.

---

[51] Factors courts consider to determine whether dismissal is in the best interest of creditors are: "(1) whether some creditors received preferential payments, whether equality of distribution would be better served by conversion rather than dismissal; (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted; (3) whether the debtor would simply file a further case upon dismissal; (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors; (5) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise; (6) whether any remaining issues would be better resolved outside the bankruptcy forum; (7) whether the estate consists of a "single asset,"; (8) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests; (9) whether a plan has been confirmed and whether any property remains in the estate to be administered; and (10) whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns." *In re Helmers*, 361 B.R. 190, 196-97 (Bankr. D. Kan. 2007) (internal quotation omitted).

Under § 349(a) and § 109(g)(1), a court may bar the filing of a new bankruptcy case for a period of 180 days.[52] Under § 105(a) and 28 U.S.C. § 1651, a court may impose certain restrictions on filing of future bankruptcy cases.[53] Debtor has been given ample opportunity to object to these proposed filing restrictions.[54]

The Court concludes filing restrictions are warranted. Debtor has engaged in serial filings that demonstrate a pattern of behavior of dodging creditors without meaningful progress toward the Code's requirements. Debtor has shown a cavalier attitude toward her duties as a bankruptcy debtor through her inaccurate and inconsistent Schedules and proposed plans. Debtor has failed to comply with Orders of this Court for the correction of her Schedules and petition, noticing, filing fees, and amending her plan.

---

[52] Under § 349(a), a dismissal of a case does not prejudice the debtor with respect to filing a new case, except as provided in § 109(g). Under § 109(g)(1), no individual may be a debtor under Title 11 if the individual "has been a debtor in a case pending under this title at any time in the preceding 180 days if-- (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case."

[53] *Armstrong v. Rushton (In re Armstrong)*, 309 B.R. 799, 805 (10th Cir. BAP 2004) (recognizing court's inherent power to control litigants' abuse of the court system and repetitive filings as supplemented by § 105(a) and 28 U.S.C. § 1651). In addition, under § 349(a), a court may prevent the discharge of certain debts in future cases. The Court does not impose that relief in Debtor's current case, but may do so in the future.

[54] *See Tripati v. Beaman*, 878 F. 2d 351, 354 (10th Cir. 1989) (requiring notice and an opportunity to object to the proposed filing restrictions prior to their implementation).

Debtor's actions in this and her prior cases have been deliberate and intentional.

Under § 109(g)(1), Debtor is barred from refiling a bankruptcy case for the next 180 days after dismissal of this case.[55] After expiration of that 180-day bar, the following filing restrictions will apply for an additional year beyond the 180-day bar:

> 1. Debtor may file a new bankruptcy case through a duly licensed attorney admitted to practice in this Court.
>
> 2. If Debtor seeks to file a bankruptcy petition without an attorney during this one-year period, she must obtain permission from the Court to file a new case under the following procedures and conditions:
>
>> a. A motion requesting leave to proceed without an attorney must be filed with the bankruptcy petition. Debtor's sworn affidavit or declaration under penalty of perjury must be attached to the motion requesting leave to proceed without an attorney in which Debtor states that she will comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, all orders of the Court, and that she will attend all scheduled § 341 meetings of creditors and cooperate fully with the trustee.
>>
>> b. The petition must be complete, and must include fully completed schedules, statement of financial affairs, summary of schedules, verification of creditor matrix, certificate of credit counseling, employee income records, DeBN request form, and statement about Debtor's social security number. Debtor must either pay the filing fee or seek waiver of the fee or to pay in installments.

---

[55] As noted above, the Chapter 13 Trustee requests a 365-day bar to refiling. Appellate courts in the Second and Fourth Circuit have approved bars to refiling that extend beyond 180 days, *In re Casse*, 198 F.3d 327, 337-38 (2d Cir 1999) and *In re Tomlin*, 105 F.3d 933 (4th Cir. 1997), but the Tenth Circuit has not, *In re Frieouf*, 938 F.2d 1099 (10th Cir. 1991) (new filings may be barred for only the 180 days provided by § 109(g)(1)). The Court is bound by this Tenth Circuit precedent and limits the bar to refiling to 180 days.

      c.    Debtor must submit all of the above documents to the clerk of the bankruptcy court. If the documents are insufficient, the case will be rejected for filing unless and until the Court's filing requirements are met.

These restrictions are not imposed in an attempt to deny Debtor access to bankruptcy relief but are intended to ensure Debtor uses bankruptcy for its intended purpose, to obtain a fresh start, and not as indefinite protection from creditors. The Court concludes these restrictions are carefully tailored and appropriate under the circumstances of this case.[56]

### III. Conclusion

The Court sustains the Chapter 13 Trustee's objection to confirmation and grants the motion to dismiss. Debtor's case is dismissed, and Debtor is enjoined under § 349(a) and § 109(g)(1) from filing another bankruptcy case for a period of 180 days from the date of entry of this dismissal Order. Debtor shall be subject to the filing restrictions set forth above for one (1) year following the expiration of the 180-day bar.

**It is so Ordered.**

###

---

[56] *Tripati v. Beaman*, 878 F.2d at 353.